1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

8

9

10 COUNTY OF MERCED,                          )    1: 11 CV 01934 LJO  SKO
                                             )
11                                           )    SCHEDULING ORDER (Fed.R.Civ.P 16)
          Plaintiff,                         )
12                                           )    Initial Disclosures: 5/30/2012
       v.                                    )
13                                           )    Discovery Deadlines:
                                             )        Non Expert: 4/5/2013
14 UNITED STATES OF AMERICA,                 )        Expert: 8/5/2013
                                             )
15                                           )    Mid-Discovery Status Conference
          Defendant.                         )        November 15, 2012
16                                           )
                                             )    Non-Dispositive Motion Deadline:
17 _____  )        Filing: 9/4/2013

18                                                Dispositive Motion Deadline:
                                                      Filing: 10/9/2013
19
                                                 Settlement Conference:
20                                                    11/7/2013, at 10:00 a.m.
                                                      Courtroom 7
21
                                                 Pre-Trial Conference:
22                                                    1/8/2014, at 8:15 a.m.
                                                      Courtroom 4
23
                                                 Court Trial: 2/18/2014, at 8:30 a.m.
24                                                    Courtroom 4 (5 days)

25

26

27

28                                                1

1    **I.      Date of Scheduling Conference**

2           May 1, 2012.

3    **II.     Appearances of Counsel**

4           Roger Matzkind, Esq., appeared on behalf of Plaintiff.

5           Jeffrey Lodge, Esq., appeared on behalf of Defendant.

6    **III.    Amendment to the Parties' Pleadings**

7           The parties do not anticipate any amendments to the pleadings at this time.  Any

8    motions or stipulations requesting leave to amend the pleadings must be filed by no later than

9    6/29/2012.  The parties are advised that filing motions and/or stipulations requesting leave to

10   amend the pleadings by 6/29/2012 does not reflect on the propriety of the amendment or imply

11   good cause to modify the existing schedule, if necessary.  All proposed amendments must (A) be

12   supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any

13   modification to the existing schedule, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

14   609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not

15   (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or

16   (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

17   **IV.     Consent to the Magistrate Judge**

18          Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all

19   further proceedings in this case, including trial, before the Honorable Sheila K. Oberto, U.S.

20   Magistrate Judge.

21   **V.      Discovery Plan and Cut-Off Date**

22          The parties are ordered to exchange the initial disclosures required by Fed. R. Civ.

23   P. 26(a)(1) on or before 5/30/2012.

24          A mid-discovery telephonic status conference shall be held on November 15,

25   2012, at 9:30 a.m. in Courtroom 7.

26          The scope of discovery shall be governed by the Federal Rules of Civil Procedure,

27

28                                              2

1    and the parties shall not exceed the parameters of discovery requests as set forth by the Federal

2    Rules of Civil Procedure.

3          The parties are ordered to complete all discovery pertaining to non-experts on or

4    before 4/5/2013, and all discovery pertaining to experts on or before 8/5/2013.

5          The parties are directed to disclose all expert witnesses, in writing, on or before

6    5/3/2013, and to disclose all rebuttal experts on or before 6/7/2013.  The written designation of

7    retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A),**

8    **(B) and (C) and shall include all information required thereunder.**  Failure to designate

9    experts in compliance with this order may result in the Court excluding the testimony or other

10   evidence offered through such experts that are not disclosed pursuant to this order.

11         The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery

12   relating to experts and their opinions.  Experts must be fully prepared to be examined on all

13   subjects and opinions included in the designation.  Failure to comply will result in the imposition

14   of sanctions, which may include striking the expert designation and preclusion of expert

15   testimony.

16         The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely

17   supplement disclosures and responses to discovery requests will be strictly enforced.

18         **VI.    Pre-Trial Motion Schedule**

19         All non-dispositive pre-trial motions, including any discovery motions, shall be

20   filed by no later than 4:00 p.m. on 9/4/2013, and heard on or before 10/2/2013.  Non-dispositive

21   motions are heard on Wednesdays at 9:30 a.m., before the Honorable Sheila K. Oberto, United

22   States Magistrate Judge in Courtroom 7.  **Counsel must comply with Local Rule 251 with**

23   **respect to discovery disputes or the motion will be denied without prejudice and dropped**

24   **from calendar.**  In scheduling such motions, the Magistrate Judge may grant applications for an

25   order shortening time pursuant to Local Rule 144(e).  However, if counsel does not obtain an

26   order shortening time, the notice of motion *must* comply with Local Rule 251.

27

28

1      Defendant shall file any motion to join necessary parties on or before September

2   4, 2012.

3      The parties are advised that unless prior leave of the Court is obtained, all moving

4    and opposition briefs or legal memorandum in civil cases before Judge Oberto shall not exceed

5   thirty (30) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page

6   limitations do no include exhibits.  Briefs that exceed this page limitation, or that are sought to be

7   filed without leave, may not be considered by the Court.  In addition, all pleadings shall be filed

8   by no later than 4:00 p.m. on the due date.

9      Counsel may appear and argue non-dispositive motions by telephone, provided a

10   written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five

11   (5) court days before the noticed hearing date.  In the event that more than one attorney requests

12   to appear by telephone, then it shall be the obligation of the moving part(ies) to arrange and

13   originate a conference call to the court.

14      All dispositive pre-trial motions shall be filed no later than 10/9/2013, and heard

15   no later than 11/20/2013, in Courtroom 4 before the Honorable Lawrence J. O'Neill, United

16   States District Court Judge.  In scheduling such motions, counsel shall comply with **Fed.R.Civ.P**

17   **56 and Local Rules 230 and 260**.

18                    **Motions for Summary Judgment or Summary Adjudication**

19      Prior to filing a motion for summary judgment or motion for summary

20   adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss

21   the issues to be raised in the motion.

22      The purpose of the meeting shall be to: 1) avoid filing motions for summary

23   judgment where a question of fact exists, 2) determine whether the respondent agrees that the

24   motion has merit in whole or in part, 3) discuss whether issues can be resolved without the

25   necessity of briefing, 4) narrow the issues for review by the court, 5) explore the possibility of

26   settlement before the parties incur the expense of briefing a summary judgment motion, and 6)

27

28                                   4

1  arrive at a joint statement of undisputed facts.

2          The moving party shall initiate the meeting and provide a draft of the joint

3  statement of undisputed facts.  **In addition to complying with the requirements of Local Rule**

4  **260, the moving party shall file a <u>joint statement</u> of undisputed facts**.

5          In the notice of motion, the moving party shall certify that the parties have met

6  and conferred as ordered above or set forth a statement of good cause for the failure to meet and

7  confer.

8      **VII.    <u>Pre-Trial Conference Date</u>**

9          January 8, 2014, at 8:15 a.m. in Courtroom 4 before the Honorable Lawrence

10  J.O'Neill, United States District Judge.

11          The parties are ordered to file a **<u>Joint Pretrial Statement pursuant to Local</u>**

12  **<u>Rule 281(a)(2).</u>**  The parties are further directed to submit a digital copy of their pretrial

13  statement in Word Perfect X3[1] format, directly to Judge O'Neill's chambers by email at

14  LJOorders@caed.uscourts.gov.

15          The attention of counsel is directed to **<u>Rules 281 and 282 of the Local Rules</u>** of

16  Practice for the Eastern District of California, as to the obligations of counsel in preparing for the

17  pre-trial conference.  The Court will insist upon strict compliance with those rules.  In addition to

18  the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint

19  Statement of the case to be used by the Court to explain the nature of the case to the jury during

20  voir dire.

21      **VIII.   <u>Trial Date</u>**

22          February 18, 2014, at 8:30 a.m. in Courtroom 4 before the Honorable Lawrence J.

23  O'Neill, United States District Court Judge.

24          A.     This is a Court trial.

25  _____

26          [1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is

27  acceptable.

28                                      5

1          B.      Counsel's estimate of trial time: 5 days.

2          C.      Counsel's attention is directed to Local Rules of Practice for the Eastern

3                District of California, Rule 285 for preparation of trial briefs.

4     **IX.**     **Settlement Conference**

5          A Settlement Conference is scheduled for 11/7/2013, at 10:00 a.m. in Courtroom

6 7 before the Honorable Sheila K. Oberto, U.S. Magistrate Judge.

7          Unless otherwise permitted in advance by the Court, **the attorneys who will try**

8 **the case** shall appear at the Settlement Conference **with the parties** and the person or persons

9 having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

10         CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

11         At least five (5) court days prior to the Settlement Conference the parties shall

12 submit, directly to Judge Oberto's chambers by e-mail to SKOorders@caed.uscourts.gov, a

13 Confidential Settlement Conference Statement.  The statement **should not be filed** with the

14 Clerk of the Court **or served on any other party**; however, the parties are **required to file** their

15 Notice of Submission of Settlement Conference Statement (See Local Rule 270(d)).  Each

16 statement shall be clearly marked "confidential" with the date and time of the Settlement

17 Conference indicated prominently thereon.  The parties are urged to request the return of their

18 statement if a settlement is not achieved, and if such a request is not made, the Court will dispose

19 of the statement.

20         The Confidential Settlement Conference Statement shall include the following:

21         A.  A brief statement of the facts of the case.

22

23         [2] Insurance carriers, business organizations, and governmental bodies or agencies whose

24 settlement agreements are subject to approval by legislative bodies, executive committees, boards
of directors or the like shall be represented by a person or persons who occupy high executive

25 positions in the party organization and who will be directly involved in the process of approval of
any settlement offers or agreements.  To the extent possible, the representative shall have the

26 authority, if he or she deems it appropriate, to settle the action on terms consistent with the

27 opposing party's most recent demand.

28                             6

1             B.  A brief statement of the claims and defenses, i.e., statutory or other

2     grounds upon which the claims are founded, a forthright evaluation of the parties' likelihood of

3     prevailing on the claims and defenses, and a description of the major issues in dispute.

4             C.  A summary of the proceedings to date.

5             D.  An estimate of the cost and time to be expended for further discovery,

6     pretrial and trial.

7             E.  The relief sought.

8             F.  The party's position on settlement, including present demands and

9     offers and a history of past settlement discussions, offers and demands.

10    **X.**     **Request for Bifurcation, Appointment of Special Master, or Other**

11    **Techniques to Shorten Trial**

12    Not applicable at this time.

13    **XI.**    **Related Matters Pending**

14    There are no pending related matters.

15    **XII.**   **Compliance with Federal Procedure**

16    All counsel are expected to familiarize themselves with the Federal Rules of Civil

17    Procedure and the Local Rules of Practice of the Eastern District of California, and to keep

18    abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it

19    is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow

20    the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of

21    Practice for the Eastern District of California.

22    **XIII.**  **Effect of this Order**

23    The foregoing order represents the best estimate of the court and counsel as to the

24    agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for

25    this case.  If the parties determine at any time that the schedule outlined in this order cannot be

26    met, counsel are ordered to notify the court immediately of that fact so that adjustments may be

27

28

1  made, either by stipulation or by subsequent status conference.

2  **The dates set in this Order are considered to be firm and will not be modified**

3  **absent a showing of good cause even if the request to modify is made by stipulation.**

4  **Stipulations extending the deadlines contained herein will not be considered unless they are**

5  **accompanied by affidavits or declarations, and where appropriate attached exhibits, which**

6  **establish good cause for granting the relief requested.**

7  The failure to comply with this order may result in the imposition of sanctions.

8

9

IT IS SO ORDERED.

10

**Dated:    May 1, 2012**                                      /s/ Sheila K. Oberto

11                                                                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                      8